TO: All Nebraska State Agencies
The Attorney General's Office has been contacted several times in the last few months concerning what amount may be charged for providing photocopies of documents to the public under Nebraska Public Records Statutes, Neb. Rev. Stat. §§ 84-712 through 84-712.09 (1999, Cum. Supp. 2000). In order to assist state agencies, as well as political subdivisions, we take this opportunity to set forth our views on the requirements of the law as well as the enforcement policy of the Attorney General concerning this issue.
Section 84-712 (3) (b) allows the custodian of a public record in Nebraska to charge a fee for providing copies of public records to members of the public, "which fee shall not exceed the actual cost of making the copies available." That same statute provides that, for photocopies, "the actual cost of making the copies available shall not exceed the amount of the reasonably calculated actual cost of the photocopies." Within that definition, the actual cost of making photocopies would clearly include such items as the cost of copying paper, copying machine rental, etc. However, the legislative history of LB 628, the bill which became § 84-712 (3) (b), indicates that the actual cost charged by public bodies for making photocopies of public records available may also include the actual cost of the staff time of the public employees involved in that process, including the time necessary to pull the records, separate out any portions of the records that may be kept confidential, copy the records and return them to the proper files. Floor Debate on LB 628, 96th Neb. Leg., 2nd Sess. 10051-10053 (Mar. 8, 2000) (Statement of Sen. Coordsen). In that regard, the Legislature also deleted portions of the original LB 628 which specifically provided that the actual cost of making copies of public records could not include the cost of salaries of public employees.Legislative Journal, 96th Neb. Leg., 2nd Sess. 757-758 (Feb. 22, 2000) and 836 (Feb. 28, 2000); Floor Debate on LB 628, 96th Neb. Leg., 2nd Sess. 10050 (March 8, 2000). As a result, we believe that public bodies may charge an appropriate amount for the time of public employees involved in making photocopies of public records in determining the amount that those bodies will charge for photocopies.
The amount of time involved in making photocopies of public records will necessarily vary from case to case. However, we are of the opinion that the amount charged cannot exceed the amount of time reasonably needed to perform the task. For example, if it took a public official 40 work hours to locate a document that should reasonably have been found in 10 minutes, then the charge must be based on 10 minutes.
As another example, assume a member of the public is given a file containing 1000 pages of documents and then selects 10 pages and hands them to the public official and asks for a copy of those 10 pages. In that case, the time charged cannot exceed the amount of time reasonably needed to make those 10 copies.
We also note that for-profit copy centers and coin operated machines in libraries typically charge between 5 cents and 10 cents per copy at this time.
Considering the statutory language, the legislative history of the law, the principles stated above, and current copy charges, it is the enforcement policy of the Attorney General's office that we will not question any per copy charge in the range of 5 to 10 cents or less. We also note that a public official may generally make copies available for free if he or she chooses to do so. Finally, in those cases where a state statute sets a specific fee for copies of a certain type of document, then that specific fee is the amount which must be charged, rather than actual cost calculated under the Public Records Statutes.
Above these amounts, under the Public Records Statutes a public official will need to be able to demonstrate that a specific amount of time was reasonably devoted to making the copies in order to justify an additional labor charge in a particular case.
For example, if half an hour were reasonably required to locate and copy 50 pages and the hourly pay of the person making the copies is $10 per hour, then a maximum charge of $10 (50 copies x $0.10 + $5 for a half hour of time) would not be challenged by the Attorney General. In this example this works out to 20 cents per page.
On the other hand, if a member of the public searches a file and finds 50 documents which are handed to a public employee to be copied and which are or reasonably could be completed in 5 minutes, the member of the public could only be charged for 5 minutes of time.
In sum, it is our view that the law is clear that the public may not be charged in excess of the actual cost of providing photocopies of documents under Nebraska Public Records Statutes. Actual cost includes the cost of copy paper, toner, copy machine rental, etc. In addition, when copies are requested a charge may be made for the staff time of public employees involved in locating the records, making copies and returning them to the proper files. As an administrative matter, it will be the enforcement policy of the Attorney General's Office not to question charges up to 10 cents per page for making photocopies of public records for a member of the public. If a public official wishes to charge more than that amount in responding to a particular request, he or she may do so, but must be able to demonstrate that the actual cost, including a reasonable labor charge, equals or is greater than the fee being charged for the copies.
Finally, it should be remembered that the purpose of the Nebraska Public Records Statutes is to make public documents readily available to Nebraskans. In keeping with the spirit of the public records laws, it is altogether appropriate and desirable for public officials to respond to requests for copies of public documents without charging a fee or by charging a nominal fee.
Sincerely,
 DON STENBERG Attorney General